UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH DILLON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-899** |
| **THE TOWN OF ABITA SPRINGS** | **SECTION: "G"** |

### ORDER AND REASONS

Pending before the Court is Defendant the Town of Abita Springs' ("Defendant") "FRCP Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted."[1] The pending motion was set for submission on June 16, 2021.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. *Pro se* Plaintiff Joseph Dillon ("Plaintiff") has filed no opposition at this time, and therefore the motion to dismiss is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

### I. Background

On March 3, 2021, Plaintiff filed a petition in the 22nd Judicial District Court of St. Tammany Parish, State of Louisiana.[4] Defendant removed to this Court asserting federal jurisdiction under 28 U.S.C. § 1331.[5] In the Petition, Plaintiff alleges that he was employed by the

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 4-2.

[3] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1 at 4.

[5] *Id.* at 1.

Town of Abita Springs to perform park maintenance.[6] In June 2017, Plaintiff, who is HIV positive, alleges that he disclosed his status in confidence to Leanne Schafer, Director of Intergovernmental Affairs for Abita Springs ("Schafer").[7]

In January 2019, Plaintiff alleges that Daniel J. Curtis ("Mayor Curtis") was elected mayor of Abita Springs. That same month, Plaintiff asserts that Mayor Curtis promoted Plaintiff to Event Coordinator, a role in which Plaintiff "worked closely with the Mayor and his staff."[8] As Event Coordinator, Plaintiff alleges that he would regularly exchange "pleasantries" with the Mayor and his staff.[9]

According to Plaintiff, in November 2019, Plaintiff "noticed a drastic change" in Mayor Curtis and Ms. Schafer's behavior.[10] Plaintiff alleges Ms. Schafer stopped exchanging morning pleasantries with Plaintiff and Mayor Curtis stopped speaking to Plaintiff altogether.[11] Plaintiff asserts that he asked Ms. Schafer if she had told Mayor Curtis about Plaintiff's HIV status.[12] Ms. Schafer reportedly told Plaintiff that she did tell Mayor Curtis "because he asked her directly whether [Plaintiff] was HIV positive."[13]

Plaintiff asserts that he "was diagnosed with acute depression, anxiety and panic disorder"

---

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 4–5.

[12] *Id.* at 5.

[13] *Id.*

in 2001.[14] As a result of the change in his work environment, Plaintiff alleges that his mental illness was exacerbated and that he began "to experience overwhelming depressive episodes that were accompanied by severe anxiety which transitioned into full[-]fledged panic attacks."[15] As a result, Plaintiff alleges that he was forced to see his psychiatrist more frequently, and that his psychiatrist prescribed him additional anti-anxiety medication.[16] Plaintiff avers that "[t]he toll on his mental health" became overwhelming and he had "to turn in his resignation."[17]

Plaintiff seeks damages under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA").[18] Plaintiff asserts that he filed a complaint on August 13, 2020 with the Equal Opportunity Commission ("EEOC") and received a Notice of Suit Rights on December 8, 2020.[19]

Defendant filed the instant motion to dismiss on May 10, 2021.[20] The motion was noticed for submission on June 16, 2021.[21] To date, Plaintiff has not filed an opposition.

## II. Defendant's Arguments in Support of the Motion to Dismiss

In the motion, Defendant seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[22] In support, Defendant argues that a hostile work environment claim under the ADA requires that the alleged workplace harassment "be sufficiently severe or pervasive

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 10.

[21] *Id.*

[22] Rec. Doc. 4.

enough to alter conditions of the [plaintiff's] employment."[23] Defendant asserts that this standard looks to the totality of the circumstances, including the frequency and severity of the alleged harassment, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's work performance.[24] Defendant contends that "[o]ffhand comments, and isolated incidents, unless extremely serious, do not suffice to alter the terms and conditions of employment."[25] Under this standard, Defendant asserts that Plaintiff's allegations "are not sufficiently severe or pervasive as to constitute a hostile work environment under the ADA."[26]

Next, Defendant argues Plaintiff's Fourteenth Amendment equal protection claim should be dismissed.[27] Defendant asserts that an equal protection claim sounding in intentional discrimination requires a plaintiff to "demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose."[28] Defendant asserts that Plaintiff's "sole allegation" that his coworkers stopped exchanging "'morning pleasantries' and 'friendly conversation'" does not establish he received disparate treatment or that it was motivated by a discriminatory purpose.[29]

Finally, to the extent Plaintiff brings a claim under state law for employment discrimination

---

[23] Rec. Doc. 4-1 at 1.

[24] *Id.* at 1–2 (citing *Johnson v. JP Morgan Chase Bank, N.A.*, 293 F. Supp. 3d 600 (W.D. La. 2018)).

[25] *Id.* at 2.

[26] *Id.* at 3 (internal quotation omitted).

[27] *Id.*

[28] *Id.* at 3–4 (quoting *Johnson v. Dear*, No. 11-1387, 2011 WL 6009992, at *3 (W.D. La. Oct. 25, 2011), *report and recommendation adopted*, 11-1387, 2011 WL 6003839 (W.D. La. Nov. 30, 2011)).

[29] *Id.* at 4 (citing Rec. Doc. 1 at 4–5).

or negligent infliction of emotional distress, Defendant argues that any such claims should be dismissed.[30] Defendant asserts that, under Louisiana law, to state a claim for employment discrimination, Plaintiff must show (1) that he suffered and adverse employment action and (2) that others outside his protected group were treated more favorably.[31] Defendant asserts that Plaintiff has not alleged he suffered an adverse employment action or that he received disparate treatment.[32] Moreover, to state a claim for negligent infliction of emotional distress, Defendant asserts that Plaintiff must show "outrageous conduct on the part of the defendant."[33] Defendant contends that Plaintiff's allegations that his coworkers stopped speaking to him do not rise to the level of "outrageous" and, thus, fail to state a claim upon which relief can be granted.[34] Accordingly, Defendant seeks dismissal of all of Plaintiff's claims.[35]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[36] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[37] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

---

[30] *Id.*

[31] *Id.* at 4–5 (discussing *Motton v. Lockheed Martin Corp.*, 2003-0962 (La. App. 4 Cir. 3/2/05); 900 So. 2d 901).

[32] *Id.* at 5.

[33] *Id.* (discussing *Doe v. Smith*, 2005-0653 (La. App. 4 Cir. 7/13/05); 913 So. 2d 140).

[34] *Id.* at 5–6.

[35] *Id.* at 6–7.

[36] Fed. R. Civ. P. 12(b)(6).

[37] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

plausible on its face."[38]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[39] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[40] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[41]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[42] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[43] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[44] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[45]

A court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[46] Attachments to a motion to dismiss are, however, "considered

---

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[39] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[40] *Iqbal*, 556 U.S. at 678.

[41] *Id.*

[42] *Id.* at 677–78.

[43] *Id.* at 679.

[44] *Id.* at 678.

[45] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[46] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[47] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[48] In addition, a court may consider matters of which judicial notice may be taken.[49]

## IV. Analysis

Defendant argues that Plaintiff's factual allegations fail to state a claim upon which relief can be granted because Plaintiff does not allege sufficiently outrageous conduct or that he was subject to disparate treatment.[50] Defendant seeks dismissal of Plaintiff's ADA claim, Fourteenth Amendment equal protection claim, and Plaintiff's state law claims for employment discrimination and negligent infliction of emotional distress. The Court addresses each claim in turn.

### A.   Americans with Disabilities Act

Defendant argues that Plaintiff's allegations are not sufficiently pervasive to rise to the level of "hostile work environment."[51] The ADA provides that no employer "shall discriminate against a qualified individual on the basis of disability."[52] Where a plaintiff offers only circumstantial evidence of employment discrimination, the United States Court of Appeals for the Fifth Circuit applies the *McDonnell Douglas* burden-shifting framework.[53] "Under this

---

[47] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[48] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

[49] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)

[50] Rec. Doc. 4-1 at 1–5.

[51] Rec. Doc. 4-1 at 2.

[52] 42 U.S.C. § 12112(a).

[53] *Delaval v. PTech Drilling Tubulars, LLC*, 824 F.3d 476, 479 (5th Cir. 2016). *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

framework, an employee must show: (1) he has a disability; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability."[54]

A resignation can be an adverse employment decision "only if the resignation qualifies as a constructive discharge."[55] "[T]he proper inquiry in a constructive discharge case is whether an objectively reasonable person would have been compelled to resign, and not whether the plaintiff had, in fact, felt compelled to resign."[56] To determine if a reasonable employee would feel compelled to resign, the Fifth Circuit considers:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status] . . . .[57]

Here, Plaintiff has pled facts to support that he has a disability covered by the ADA,[58] and that he was qualified for his job. However, the Court finds that Plaintiff has not alleged facts to support an adverse employment decision. Because Plaintiff resigned, he must demonstrate constructive discharge.[59] Plaintiff alleges that, after Ms. Shafer disclosed his status, "there [were] no more morning pleasantries" and that "Mayor [Curtis] stopped communicating with

---

[54] *Delaval*, 824 F.3d at 749 (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)) (internal quotations omitted).

[55] *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001). Although *Brown* interprets Title VII, not the ADA, courts consistently interpret the two coextensively. *See Flowers v. S. Reg'l Physicians Servs., Inc.*, 247 F.3d 229, 233–34 (5th Cir. 2001).

[56] *McCann v. Litton Sys., Inc.*, 986 F.2d 946, 951 (5th Cir. 1993).

[57] *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000) (alteration in original) (quoting *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)).

[58] HIV status is a disability under the ADA. *Bragdon v. Abbott*, 524 U.S. 624, 632 (1998).

[59] *Brown*, 237 F.3d at 566.

[Plaintiff.]."[60] Plaintiff does not allege any other facts that might tend to show constructive discharge, like demotion, reduction of duties, or inducement to retire or leave.[61] Thus, Plaintiff has not stated a claim for employment discrimination under the ADA.

### B. Fourteenth Amendment Equal Protection

Next, Defendant seeks dismissal of Plaintiff's claims under the Fourteenth Amendment of the United States Constitution.[62] Defendant argues that "Plaintiff has failed to demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose."[63]

To state an equal protection claim when discrimination is not based on a suspect classification, "the plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment."[64] Here, the Court finds that Plaintiff has failed to state a claim under the Equal Protection Clause. The petition does not identify any similarly situated comparators or describe the treatment of any other employees. Accordingly, Plaintiff has not established an equal protection claim.

### C. State Law Claims

#### 1. Employment Discrimination

Defendant contends that Plaintiff has not stated a claim for relief under Louisiana's employment discrimination statute because he does not allege an adverse employment decision or

---

[60] Rec. Doc. 1 at 4–5.
[61] *See Brown*, 207 F.3d at 782.

[62] Rec. Doc. 4-1 at 3.

[63] *Id.* at 4 (quotation omitted).

[64] *Wood v. Collier*, 836 F.3d 534, 539 (5th Cir. 2016) (quoting *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012)).

that he was treated less favorably than similarly situated employees.[65] "Louisiana courts have looked to federal jurisprudence to interpret Louisiana discrimination laws."[66] To that end, Louisiana courts apply the *McDonnell Douglas* burden shifting framework.[67] Given that this analysis is co-extensive with the federal analysis, for the reasons stated above, the Court finds that Plaintiff has failed to state a claim for employment discrimination under Louisiana law.[68]

### 2.     Negligent Infliction of Emotional Distress

Lastly, Defendant argues Plaintiff's negligent infliction of emotional distress claim should be dismissed because Plaintiff's allegations are not sufficiently "outrageous" under state law.[69] To state a claim for negligent infliction of emotional distress, a plaintiff must prove "(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; (5) actual damages."[70]

Louisiana courts impose additional limits on the tort of negligent infliction of emotional distress.[71] Recovery is limited to those cases with an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim

---

[65] Rec. Doc. 4-1 at 5.

[66] *Motton*, 2003-0962 at p. 6; 900 So. 2d at 909 (citing *Bustamento v. Tucker*, 607 So. 2d 532, 538 n.6 (La. 1992); *King v. Phelps Dunbar, L.L.P.*, 98-1805, p. 6–7 (La. 6/4/99); 743 So. 2d 181, 187)).

[67] *Motton*, 2003-0962 at p.6; 900 So. 2d at 909.

[68] *See supra* Part IV.A.

[69] Rec. Doc. 4-1 at 5–6.

[70] *Crockett v. Cardona*, 97-2346, p. 3 (La. App. 4 Cir. 5/20/98); 713 So. 2d 802, 804.

[71] *Id.*

is not spurious."[72] Furthermore, "a plaintiff may recover for unintentional or negligent infliction of emotional distress unaccompanied by physical injury where the defendant's negligent conduct is deemed to be outrageous."[73] These cases usually "involve[] facts where the defendant's conduct was outrageous or deemed outrageous because the defendant breached a special direct duty to the plaintiff and where the resulting mental distress the plaintiff suffered was easily associated with the defendant's conduct."[74]

Here, the Court finds that Plaintiff has not stated a claim for negligent infliction of emotional distress. Plaintiff does not allege a special duty that Defendant owed toward Plaintiff, nor a breach of that duty. Without alleging such a special duty, even construed in the light most favorable to the non-movant, Plaintiff's allegations fall short of the "outrageous" conduct required under Louisiana law. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.

Nevertheless, the Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[75] Short of granting a motion to dismiss, a court may grant Plaintiff leave to amend the complaint.[76] Here, Plaintiff has not responded to the motion to dismiss or come forward with any proposed amendment that would remedy the deficiencies

---

[72] *Moresi v. Dep't of Wildlife & Fisheries*, 567 So.2d 1081, 1096 (La. 1990).

[73] *Doe*, 2005-0653 at p. 4; 913 So. 2d at 143.

[74] *Covington v. Howard*, 49,135, p. 8 (La. App. 2 Cir. 8/13/14); 146 So. 3d 933, 938 (citing *Jenkins v. Washington & Wells, L.L.C.*, 46,825 (La. App. 2 Cir. 1/25/12), 86 So. 3d 666, *writ denied*, 12-0427 (La. 4/9/12); 85 So. 3d 705; *Doe v. Dunn*, 39,179 (La. App. 2 Cir. 12/22/04); 890 So. 2d 727, *writ denied*, 2005-0443 (La. 4/29/05); 901 So. 2d 1066; *Succession of Harvey*, 97-2815 (La. App. 4 Cir. 6/24/98); 716 So. 2d 911, *writ denied*, 98–2025 (La. 11/6/98); 728 So. 2d 391.

[75] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[76] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

identified herein.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's "FRCP Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted"[77] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __30th__ day of October, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[77] Rec. Doc. 4.